IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-40822
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

V.

DANIEL OVIDIO RAMIREZ-CUADRA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-260-1

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Daniel Ovidio Ramirez-Cuadra appeals his guilty plea conviction and 36-month sentence for illegal reentry after removal. Ramirez-Cuadra admitted at rearraignment that he was apprehended in Laredo, Texas in 2007 after having been removed from the United States in 2002. Ramirez-Cuadra argues that the district court committed plain error by applying the "aggravated felony" enhancement under 8 U.S.C. § 1326(b)(2) based on the finding that Ramirez-Cuadra had committed an aggravated felony in 2003 and had been removed in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2005.  Ramirez-Cuadra argues that the fact of his 2005 removal was not alleged in his indictment, proven beyond a reasonable doubt at trial, or admitted by him.

Because Ramirez-Cuadra did not object on this ground before the district court, plain error review applies to this issue.  See United States v. Rojas-Luna, 522 F.3d 502, 504 (5th Cir. 2008).  Based on our recent decision in Rojas-Luna, we conclude that the district court plainly erred in finding that Ramirez-Cuadra was removed in 2005 for purposes of increasing his sentence beyond the two year statutory maximum set forth in § 1326(a). See id. at 506 ("Almendarez-Torres is limited to prior convictions and . . . any other fact used to increase a sentence beyond a statutory maximum must be proven to a jury."). This error seriously affected the fairness and integrity of the proceedings.  See id. In the exercise of our discretion, relief is warranted.  See id.  We vacate Ramirez-Cuadra's sentence and remand for resentencing consistent with Rojas-Luna.

Because Ramirez-Cuadra "is not subject to the sentencing enhancement under § 1326(b)(2), we need not address [Ramirez-Cuadra]'s argument that use of his [2005] conviction under § 1326(b)(2) is unconstitutional, although we note that such an argument is foreclosed under our precedent."  Rojas-Luna, 522 F.3d at 507 n.3.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.