# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 9, 2010

No. 09-20063

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NOE HEREDIA SANCHEZ, also known as Noe Sanches Heredia, also known as Noe Sanchez Heredia, also known as Noe Heredia-Sanchez,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-358

Before SMITH, WIENER and ELROD, Circuit Judges.

PER CURIAM:[*]

Noe Sanchez pleaded guilty to an immigration offense. Calculating his guideline range at sentencing, the court applied a sixteen-level enhancement for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-20063

a prior conviction of a drug trafficking offense. Sanchez argues the enhancement was applied erroneously. We affirm.

I.

Sanchez pleaded guilty of being found unlawfully in the United States after previously being removed following a conviction of an aggravated felony and without having obtained consent of the Attorney General or the Secretary of the Department of Homeland Security ("the Secretary") to apply for admission, in violation of 8 U.S.C. § 1326(a) and (b)(2).[1] The presentence investigation report ("PSR") indicated that in 1998, Sanchez was convicted in Texas state court of delivery of a controlled substance after he attempted to sell cocaine to a police informant. According to the PSR, Sanchez was sentenced to eight years' probation for the offense and later to two years' incarceration after that probation was revoked.

At sentencing, the court asked whether Sanchez had reviewed and understood the PSR. Sanchez said he had. The court then asked whether he had any questions about the PSR. Sanchez answered no. Next, the court noted that Sanchez had not filed any objections to the PSR and asked whether he had any objections to state at that time. Sanchez again answered no.

The court then adopted the PSR as its own, "both the findings of fact and the application of the guidelines to the facts." The court calculated a total offense level of 21, which included the PSR's recommended 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) for prior conviction of a drug trafficking felony for which the sentence imposed exceeded 13 months. Combined with a criminal history category of IV, the court calculated a guideline range of 57 to 71 months' incarceration and sentenced Sanchez to 57 months.

---

[1] The function of the Attorney General in 6 U.S.C. § 1326(a) is made applicable to the Secretary by 6 U.S.C. § 557.

No. 09-20063

Sanchez did not object to the PSR, the guideline calculation, or his sentence in the district court. He argues, for the first time on appeal, that the sixteen-level enhancement was erroneously applied because the court relied only on the PSR for evidence of his prior drug-trafficking conviction.

## II.

Because Sanchez did not object, we review for plain error only. *United States v. Hickman*, 331 F.3d 439, 443 (5th Cir. 2003). To establish plain error, he must show "(1) an error; (2) that is clear and obvious; and (3) that affected his substantial rights." *United States v. Ramirez*, 557 F.3d 200, 204-05 (5th Cir. 2009) (internal quotation marks and citation omitted). If those conditions are met, we exercise our discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings" (internal quotation marks and citation omitted). *Id.*

Sanchez argues that the district court erred by relying exclusively on the PSR to establish whether his state conviction was a "drug trafficking offense" for purposes of § 2L1.2(b)(1)(A)(i)'s 16-level enhancement. Under *Shepard v. United States*, 544 U.S. 13, 16 (2005), he contends, the court could rely only on "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."

Sanchez's argument is narrow: He does not dispute the existence of the prior conviction, or that the facts underlying that conviction would support the 16-level enhancement if properly presented to the court, or even that the PSR's description of the conviction was correct. His only point is that the district court needed to ground its factual findings about the prior conviction in one of the permissible sources of information under *Shepard*.

Sanchez mischaracterizes the basis of the findings. The record shows that

3

No. 09-20063

he assented to the facts in the PSR, including those facts about his prior conviction. "[R]eliance on a defendant's admission of facts that are contained in the PSR is permissible" to support a guideline enhancement. *Ramirez*, 557 F.3d at 204. It follows that Sanchez has shown no error that was clear or obvious. *Id.* at 204-05. Alternatively, any purported error did not affect the fairness, integrity, or public reputation of the judicial proceedings. *Id.* at 205.

AFFIRMED.