# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 28, 2010

No. 09-31054
Summary Calendar

Lyle W. Cayce
Clerk

GWEN ALEXANDER,

Plaintiff - Appellant

v.

MONSANTO COMPANY,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-4196

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff Gwendolyn Alexander was dismissed from her employment at a chemical plant in Louisiana owned by defendant Monsanto Co. She filed suit against Monsanto, claiming that she was dismissed in retaliation for protected activity under the Louisiana Environmental Whistleblower Statute, La. Rev. Stat. Ann. § 30:2027. Specifically, she alleged that she had been dismissed in retaliation for communicating with other employees about her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonable, albeit erroneous, belief that a chemical spill had taken place that was legally required to be reported to state or federal authorities. Alexander subsequently amended her complaint to additionally allege that she was dismissed because of her race, in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. The case went to trial and a jury ruled in Monsanto's favor. The district court accordingly entered judgment for Monsanto, and we now affirm the district court's judgment.

Alexander raises four issues on appeal. First, she claims that counsel for Monsanto misstated the plaintiff's burden of proof under Title VII during closing argument. Second, she claims that Monsanto's counsel also misstated various facts during closing argument. Third, she claims that during voir dire, Monsanto's counsel asked questions and made remarks that misled and prejudiced prospective jurors. Fourth, she claims that the district court erred by excluding certain evidence and testimony.

As to the claim that Monsanto's counsel misstated the law during closing argument, the applicable standard of review is plain error because no objection was made. *See Alaniz v. Zamora-Quezada*, 591 F.3d 761, 776 (5th Cir. 2009). "Reversal is appropriate if the error is (1) plain, (2) affects the appellant's substantial rights, and (3) seriously affects the fairness, integrity, or public reputation of judicial proceedings. An error is 'plain' if it is clear or obvious." *Id.* (footnote omitted).

During closing argument, Monsanto's counsel said, "To believe Ms. Alexander's story that she was terminated because of her race, you're going to have to believe that every white manager in the room is racist. You're also going to have to believe that all of these managers made up stories and lied about the fact that she was a poor performer." Alexander's counsel did not object. Alexander now argues that these comments amounted to an incorrect statement

of the law because, as she puts it, "all that is required is to prove that race is 'one' factor."

"Title VII explicitly permits actions proceeding under a mixed-motive framework," in which "the employee concedes that discrimination was not the *sole* reason for her discharge, but argues that discrimination was a motivating factor in her termination." *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 333 (5th Cir. 2005) (citing 42 U.S.C. § 2000e-2(m)). Therefore, the statement by Monsanto's counsel was not entirely correct. In order to prevail on her discrimination claim, Alexander did not have to convince the jury that every white manager who had anything to do with her dismissal was racist, nor that all the testimony regarding her poor performance was false. She only had to convince the jury that racial discrimination was one motivating factor in her dismissal.

However, Alexander fails to explain why this misstatement warrants reversal under the plain error standard of review. Even if the remark was a clear or obvious misstatement of law, Alexander has not established that it affected her substantial rights — in other words, that "it affected the outcome of the district court proceedings." *United States v. Velasquez-Torrez*, 609 F.3d 743, 746 (5th Cir. 2010). After closing arguments, the district court instructed the jury that "[s]tatements and arguments of the attorneys are not evidence and are not instructions on the law." The court then correctly and specifically instructed the jury that the "[p]laintiff does not have to prove that unlawful discrimination was the only reason [the] defendant terminated her." Under these circumstances, it is unlikely that the jury rendered a verdict in Monsanto's favor because of confusion about what Alexander was required to prove.

The second issue raised by Alexander is that Monsanto's counsel misstated certain facts during closing argument. However, Alexander's brief fails to include citations to the record on appeal, and therefore provides no support for

her assertions that the statements at issue were factually incorrect. "Not surprisingly, the Federal Rules of Appellate Procedure require that appellants, rather than the courts of appeals, ferret out and articulate the record evidence considered material to each legal theory advanced on appeal." *Conto v. Concord Hosp., Inc.*, 265 F.3d 79, 81 (1st Cir. 2001). *See* Fed. R. App. P. 28(a)(9)(A); 5th Cir. R. 28.2.2. As a result, this issue is waived.

Alexander's third argument is that Monsanto's counsel engaged in misleading and prejudicial lines of questioning when speaking to prospective jurors during voir dire. This issue is again subject to plain error review because Alexander's counsel did not object to any of the remarks.

During voir dire, counsel for Monsanto asked prospective jurors several hypothetical questions such as, "[If] somebody told you just because you are white and because you live here that they considered you a racist, would you find that offensive?" These rather inflammatory questions were apparently intended to imply that Alexander believed that all white people from southeastern Louisiana are racist. On appeal, Monsanto defends this line of questioning, contending that it was "legitimately based on Alexander's deposition testimony" because she had "testified at her deposition that she believed all people in South Louisiana were racist" and therefore "[c]ounsel anticipated Alexander would testify similarly on cross-examination at trial." However, the record does not support Monsanto's assertion that Alexander ever said that all people, or all white people, in southern Louisiana were racist. At most, she stated in her deposition that, compared to Chicago, "Louisiana would have a culture that leans more toward" racism. Therefore, Monsanto's counsel's implication that Alexander believed that all white people from southeastern Louisiana are racist was inaccurate and unwarranted.

Nonetheless, under plain error review, Alexander has not shown that these questions during voir dire affected her substantial rights. At trial, counsel

for Monsanto cross-examined Alexander regarding her beliefs about racism. (Alexander does not argue on appeal that this line of questioning during cross-examination was improper.) Counsel said to Alexander, "[Y]ou claimed that in this area of the country, southeast Louisiana, that people who live here have a 'problem' with African Americans." Alexander answered, "I absolutely did not say that." She explained that she believed that "there is a percentage of the population . . . who have racist hearts" in southeastern Louisiana and in other places. Insofar as the jury may have considered Alexander's general beliefs about racism in southeastern Louisiana to be relevant to their decision at all, they had the opportunity to hear her testimony and to take that into account in their deliberations. Therefore, Alexander has not shown that counsel's earlier hypothetical questions about racism during voir dire affected the outcome of the trial, as required under plain error review.

Alexander also claims that during voir dire, Monsanto's counsel misled potential jurors regarding the Louisiana Environmental Whistleblower Statute, La. Rev. Stat. Ann. § 30:2027. Counsel asked prospective jurors several questions regarding the difference between ordinary and legal definitions of the term "whistleblower" and whether they believed that all chemical spills should be reported to the government regardless of the size of the spill or the toxicity of the chemical. Alexander's appellate brief fails to explain how any of these questions were misleading as to the whistleblower statute's requirements or as to whether Alexander fulfilled those requirements. Therefore, this issue is waived.

Next, Alexander claims that Monsanto's counsel misled prospective jurors regarding a "performance improvement plan" which, according to Alexander, never existed. Counsel stated during voir dire that "Monsanto, my client, it's their position that Ms. Alexander had several performance problems, they would put her on performance improvement plans and that she, in fact, failed to

5

improve her performance and that's why she was terminated." This statement was not misleading: it was an accurate description of the version of the facts that was put forward by Monsanto's witnesses. Alexander had a different version of the facts, but there was nothing misleading about this statement by counsel at voir dire. It did not amount to error, plain or otherwise.

Finally, Alexander contends that the district court erred by excluding certain documentary evidence and testimony. However, this set of arguments is unavailing because Alexander does not appear to have made any offers of proof regarding the excluded evidence and testimony, as required under Fed. R. Evid. 103(a)(2). "[T]his circuit will not even consider the propriety of the decision to exclude the evidence at issue, if no offer of proof was made at trial." *United States v. Clements*, 73 F.3d 1330, 1336 (5th Cir. 1996) (alteration in original) (quoting *United States v. Winkle*, 587 F.2d 705, 710 (5th Cir. 1979)) (internal quotation marks omitted). "Although a *formal* offer is not required to preserve error, the party must at least inform the trial court 'what counsel intends to show by the evidence and why it should be admitted.'" *Id.* (quoting *United States v. Ballis*, 28 F.3d 1399, 1406 (5th Cir. 1994)). Alexander's appellate brief does not mention any offers of proof, and does not cite to any pages of the record on appeal that might indicate that offers of proof were ever made regarding the excluded evidence and testimony. Therefore, this argument is waived.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

6