# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 23, 2011

Lyle W. Cayce
Clerk

No. 10-10377
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HERIBERTO OROZCO-CAMPOS, also known as Rodolfo Galindo, also known as Daniel Andrade,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:09-CR-82-1

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Heriberto Orozco-Campos appeals from the sentence imposed for his guilty plea conviction for illegal reentry after deportation. He argues for the first time on appeal that the district court erred by applying a 16-level adjustment to his sentence because his Montana conviction for conspiracy did not qualify as a drug trafficking offense for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(i). He asserts that the Montana statute under which he was convicted encompasses two substances

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10377

that are not prohibited under the federal controlled substances act and that the district court could not rely upon the information in the presentence report (PSR) indicating that his Montana conviction involved marijuana.  Because Orozco-Campos did not object on this basis in district court, we review this issue only for plain error.  *United States v. Henao-Melo*, 591 F.3d 798, 801 (5th Cir. 2009).

Although the district court was not permitted to rely solely upon the PSR to determine whether the prior conviction constituted a drug trafficking offense under § 2L1.2, it may "use all facts admitted by the defendant in determining whether the prior conviction qualifies as an enumerated offense under § 2L1.2." *United States v. Martinez-Vega*, 471 F.3d 559, 563 (5th Cir. 2006) (internal quotation marks and citation omitted).  Orozco-Campos's explicit adoption of the PSR was sufficient to support the § 2L1.2 adjustment for purposes of plain error review.  *See United States v. Sanchez*, 389 F. App'x 378, 380 (5th Cir. 2010); *Martinez-Vega*, 471 F.3d at 563; *cf. United States v. Velasquez-Torrez*, 609 F.3d 743, 747-48 (5th Cir.) (holding that, because defendant and counsel specifically affirmed that they had reviewed the PSR for accuracy and made no objections to it, the district court did not commit reversible plain error by relying upon the defendant's admission of his prior removal following a felony conviction, as stated in the PSR), *cert. denied*, 131 S. Ct. 438 (2010); *United States v. Ramirez*, 557 F.3d 200, 204-05 (5th Cir. 2009) (same).  He has therefore failed to show error that was clear or obvious in this regard.  *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

The judgment of the district court is AFFIRMED.