# United States Court of Appeals for the Fifth Circuit

---

No. 22-50357
CONSOLIDATED WITH
No. 22-50363
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
May 18, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

OSCAR ESQUIVEL-RUIZ,

*Defendant—Appellant*.

---

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 4:21-CR-975-1, 4:21-CR-1081-1

---

Before JONES, HAYNES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Oscar Esquivel-Ruiz appeals his guilty plea conviction and sentence for illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(1), along with the revocation of the term of supervised release he was serving for a prior illegal reentry offense.  He has not briefed the validity of

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-50357
c/w No. 22-50363

the revocation of his supervised release or his revocation sentence and has, therefore, abandoned any challenge to them. *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010).

For the first time on appeal, Esquivel-Ruiz contends that the district court erred by enhancing his sentence under § 1326(b)(1) because the indictment and factual basis for his guilty plea only established, and he only admitted to, a deportation that preceded his three prior felony reentry convictions. As the parties agree, we review this unpreserved claim for plain error only. *See United States v. Velasquez-Torrez*, 609 F.3d 743, 746 (5th Cir. 2010); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009).

Generally, the statutory maximum term of imprisonment for an illegal reentry offense is two years. § 1326(a). However, the statutory maximum for an offense is increased to 10 years if the defendant's "removal was subsequent to a conviction for . . . a felony (other than an aggravated felony)." § 1326(b)(1). The fact that the defendant was removed or deported after the predicate felony conviction must be either proven beyond a reasonable doubt or admitted by the defendant. *See Velasquez-Torrez*, 609 F.3d at 746; *see also United States v. Rojas-Luna*, 522 F.3d 502, 506-07 (5th Cir. 2008) (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

According to the presentence report (PSR), immigration records (which were provided to the defense as discovery) revealed that Esquivel-Ruiz was deported on three separate occasions after serving sentences for each of his prior felony reentry convictions. At sentencing, Esquivel-Ruiz stated that he had reviewed the PSR and, through counsel, affirmed that he had no corrections to the PSR. In light of these circumstances, it is at least subject to reasonable dispute whether Esquivel-Ruiz admitted that he was deported after a felony conviction; thus, the district court did not commit a clear or obvious error by applying an enhanced statutory maximum.

No. 22-50357
c/w No. 22-50363

*See Puckett*, 556 U.S. at 135; *Velasquez-Torrez*, 609 F.3d at 746-48; *United States v. Ramirez*, 557 F.3d 200, 204-05 (5th Cir. 2009).  Moreover, any error did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings.  *See Ramirez*, 557 F.3d at 205; *see also Puckett*, 556 U.S. at 135; *United States v. Cotton*, 535 U.S. 625, 633-34 (2002).

AFFIRMED.