# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2025

Lyle W. Cayce
Clerk

———————

No. 24-50710

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RIGOBERTO GONZALEZ-DOMINGUEZ,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:24-CR-95-1

———————————————————————

Before DENNIS, GRAVES, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Rigoberto Gonzalez-Dominguez appeals his sentence after pleading guilty to illegal reentry. He argues that the district court violated *Apprendi v. New Jersey*, which requires any sentencing fact that increases the maximum penalty for a crime to be submitted to a jury. We agree because the district court enhanced his sentence based on previous removals that he neither

———————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-50710

admitted nor were proved to a jury. That error was not harmless. We thus VACATE and REMAND.

## I. Background

Gonzalez was charged with illegally reentering the United States. *See* 8 U.S.C. §§ 1326(a) & (b)(2). His indictment alleged that he reentered after a previous removal. But it alleged no date of removal. When Gonzalez pleaded guilty, he admitted only to a removal in 2010.

In his PSR, probation identified a 2011 aggravated-felony conviction for trafficking marijuana, and noted that Gonzalez had been removed after that conviction. The PSR thus recommended an enhanced penalty under § 1326(b)(2).

Gonzalez objected in writing and then orally at sentencing. The district court overruled the objection. Adopting the PSR, it applied the enhanced maximum penalty and sentenced Gonzalez to 37 months in prison and 3 years' supervised release.

Gonzalez appeals.

## II. Standard of Review

Gonzalez argues that his sentence violates *Apprendi*, 530 U.S. at 466. Because he preserved the objection, we review de novo. *See United States v. Doggett*, 230 F.3d 160, 165 (5th Cir. 2000).

No. 24-50710

## III. Discussion

Illegal reentry ordinarily has a maximum penalty of two years in prison and one year's supervised release. 8 U.S.C. § 1326(a); *see* 18 U.S.C. § 583(a). But for anyone previously removed after an aggravated felony, the maximum penalty increases to 20 years in prison and 3 years' supervised release. 8 U.S.C. § 1326(b)(2); *see* 18 U.S.C. § 3583.

### A. Gonzalez's sentence violated *Apprendi*.

Gonzalez argues that his sentence violates *Apprendi* because the district court improperly applied § 1326(b)(2) based on removals supported only by the PSR. We agree.

"[O]ther than the fact of a prior conviction, any fact that increases the [maximum] penalty for a crime . . . must be submitted to a jury, and proved beyond a reasonable doubt." *United States v. Rojas-Luna*, 522 F.3d 502, 505 (5th Cir. 2008) (quoting *Apprendi*, 530 U.S. at 490). That rule also applies to removals that increase a penalty. *Id.* at 506. But for a removal, not even its fact may enhance a sentence unless proved to a jury. *Id.* A sentencing court thus "clear[ly] and obvious[ly]" errs when it relies on the PSR to establish a removal that increases the statutory maximum. *See United States v. Ramirez*, 557 F.3d 200, 204 (5th Cir. 2009).

Applying these principles, our court vacated a § 1326(b)(2) enhancement. *See Rojas-Luna*, 522 F.3d at 507. In *Rojas-Luna*, the PSR described a removal that was not proved to a jury. *Id.* at 503. Nor did Luna concede that the PSR was accurate. *Id.* at 507. Yet the district court enhanced his statutory maximum sentence. *Id.* at 503. This was plain error. *Id.* at 506.

The district court here did the same. The indictment did not allege a qualifying removal. Nor was a qualifying removal proved to a jury. Nor did Gonzalez admit to a removal after his 2011 aggravated-felony conviction in

his plea colloquy—only a 2010 removal. Yet the district court relied on a post-2011 removal from the PSR to enhance his sentence. Because Gonzalez never admitted to the predicate removals, nor were they proved to a jury, the district court erred. *See Rojas-Luna*, 522 F.3d at 506.

Nevertheless, the Government maintains that Gonzalez implicitly admitted to the removals—an exception to the *Rojas-Luna* rule. Two cases articulate this exception.

As *Ramirez* explains, a district court does not always clearly err when it establishes a predicate removal based on the PSR. 557 F.3d at 204–05. There, like *Rojas-Luna*, the district court relied on a previous removal in the PSR to enhance a sentence. *Id.* at 202–03. Yet the *Ramirez* panel saw no plain error because Ramirez admitted the PSR's accuracy and the district court relied on immigration documents to establish the removal, which the Government provided Ramirez. *Id.* at 204–05.

*Velasquez-Torrez* expanded this exception. *United States v. Velasquez-Torrez*, 609 F.3d 743 (5th Cir. 2010) (per curiam). There, a district court relied on the PSR to establish a predicate removal too. *Id.* at 745–46. Relying on *Ramirez*, the panel saw no error because Torrez admitted to the deportation. *Id.* at 748. He did so by affirming that he had reviewed the PSR, and admitting to its accuracy. *Id.* at 747–48. The opinion never mentioned any immigration documents, showing that (unlike *Ramirez*) they were not essential. *See id.* at 743–48.

These two cases instruct that where a PSR establishes a predicate removal, and a defendant admits to its accuracy after reviewing it, a district court may use that removal to enhance their sentence. *See Ramirez*, 557 F.3d at 204–05; *Velasquez-Torrez*, 609 F.3d at 747–48. This is akin to a judicial admission: "a formal concession in the pleadings or stipulations by a party or counsel that [binds] the party making [it]." *Martinez v. Bally's La., Inc.*, 244

F.3d 474, 476 (5th Cir. 2001). Once made, that admission is conclusive and "withdraw[s] a fact from contention." *Id.* So it must be "made intentionally as a waiver, [to] releas[e] the opponent from proof of [a] fact." *Id.* Defense counsel inadvertently conceding a sentencing fact for an independent purpose is not a judicial admission. *See United States v. Chavez-Hernandez*, 671 F.3d 494, 501 (5th Cir. 2012).

Although Gonzalez reviewed the PSR, he never admitted to its accuracy. Before sentencing, Gonzalez objected in writing to specific paragraphs "to the extent they have been used to calculate a sentence above the two-year maximum[,]" while citing *Rojas-Luna*. Among these paragraphs were those alleging removal dates. He further clarified that he objected to the enhanced punishment because the facts were not "agreed or admitted to by Mr. Gonzalez-Dominguez in any factual basis." Counsel maintained the objection at sentencing.

So Gonzalez challenged any paragraph that referred to a predicate removal while citing *Rojas-Luna*, and he objected to the factual basis for each. This departs from *Ramirez* and *Velasquez-Torrez*, where the defendants did not preserve their *Apprendi* objections at all. And this falls well short of an intentional waiver that might relieve the Government of its burden to prove a predicate removal. *See Chavez-Hernandez*, 671 F.3d at 501.

The Government quibbles with the phrasing of the objection to the PSR and its breadth. For example, it claims that when Gonzalez's attorney said, "I'm not pointing to a specific problem with the criminal history[,]" he implicitly admitted all facts in that history, some of which allude to qualifying removals. This objection, and others like it, place too fine a requirement on counsel. He clearly objected to the factual basis of Gonzalez's prior removals. Any imprecise statement at the hearing falls short of an intentional admission.

In short, the district court relied on predicate removals in the PSR alone to increase Gonzalez's statutory maximum sentence. Because a jury never found those facts, nor did Gonzalez admit them, his enhanced sentence violated *Apprendi*.

### B. The *Apprendi* error harmed Gonzalez.

The proper remedy for an *Apprendi* error is remand to the district court for resentencing with a statutory maximum based on facts admitted at the guilty plea or proved to a jury. *See Rojas-Luna*, 522 F.3d at 507. But an *Apprendi* error is still subject to harmless error analysis. *United States v. Roussel*, 705 F.3d 184, 201 (5th Cir. 2013). An error is harmless "if the government can establish beyond a reasonable doubt that the district court would have imposed the same sentence absent the error." *United States v. Mejia-Huerta*, 480 F.3d 713, 720 (5th Cir. 2007).

Without the removals supported by the PSR alone, the district court would have only the 2010 removal that Gonzalez admitted to at his guilty plea. His 2011 predicate aggravated-felony conviction was after that removal. So the § 1326(a) statutory maximum penalty would apply: two years in prison and one year's supervised release. *Id.* Gonzalez's sentence exceeds that. Hence the *Apprendi* error harmed him.

The Government claims harmless error, relying on immigration documents filed (over Gonzalez's objection) for the first time on appeal. These documents were neither presented to nor considered by the district court. From them, the Government reasons that any rational jury would have found that Gonzalez was removed after his aggravated-felony conviction.

The Government borrows the harmless-error standard for predicate convictions from the Armed Career Criminal Act context. There, a sentencing court may find the fact of a predicate ACCA conviction using a limited class of materials—*Shepard* documents. *See Erlinger v. United States*,

602 U.S. 821, 839 (2024); *Shepard v. United States*, 544 U.S. 13, 19–26 (2005). But whether those offenses happened on different occasions is for a jury to resolve. *Id.* at 833. Still, a failure to submit this inquiry to a jury is harmless "if . . . any rational . . . jury would have found beyond a reasonable doubt that [the] prior . . . offenses occurred on different occasions." *United States v. Butler*, 122 F.4th 584, 589 (5th Cir. 2024) (citation modified).

At any rate, the Government's supplemental documents would not meet the any-rational-jury standard. So we need not resolve whether we should extend this standard to predicate removals today.

The documents are mostly Department of Homeland Security records which apparently pertain to Gonzalez. Such documents must typically be authenticated and connected to the defendant by independent evidence. *See* FED. R. EVID. 901-03. And a jury is "entitled to draw its own conclusion [about] the genuineness of [Gonzalez's] signatures by [comparing them] with an authentic signature." *See, e.g.*, *United States v. Martinez*, 921 F.3d 452, 477 (5th Cir. 2019); *see also United States v. Hernandez-Zavala*, 689 F. App'x 268, 272 (5th Cir. 2017) ("[Defendant] confirmed [to the district court] that it was his signature on the Form I-205[.]"). We cannot cure these evidentiary infirmities on appeal. *See Martinez*, 921 F.3d at 477.

The Government also includes the federal court judgment for Gonzalez's 2018 entry-after-deportation conviction. But whether the underlying removal qualifies him for an enhanced sentence is unclear. Most promising, there is an immigration judge's removal order. But it was signed in 2010—before Gonzalez's predicate felony. *Id.* DHS apparently ordered the warrant executed in 2012. But there is no confirmation when it was executed. Indeed, the "[p]ort, date, and manner of removal" line is blank. Besides, there is no independent evidence that authenticates the documents or connects them to Gonzalez.

This evidence is assuredly probative of Gonzalez's previous removals. But even if *Butler*'s standard applied, the supplemental documents raise evidentiary issues we cannot resolve. Standing alone, they are insufficient to show that any rational jury would have found a predicate removal beyond a reasonable doubt.

Besides, the supplemental evidence allows the Government to circumvent its burden to prove a sentencing fact in the district court. Our court does "not ordinarily enlarge the record on appeal to include material not before the district court." *United States v. Rudolph*, 103 F.4th 356, 362 (5th Cir. 2024). And for decades, we have "decline[d] to consider the merits of issues based on new evidence furnished for the first time on appeal." *Id.* (quoting *Smith v. United States*, 343 F.2d 539, 541 (5th Cir. 1965)). We nevertheless granted the Government's motion to supplement.

Even so, the Government had ample opportunity to offer evidence to establish a post-felony removal. It could have included a qualifying removal in the factual basis for Gonzalez's plea. Or it could have offered the evidence to a jury. Or at sentencing when Gonzalez challenged his removal dates. The Government did not. Now, it invites us to cure its neglect on appeal, to the detriment of Gonzalez's constitutional rights. We decline.

## IV. Conclusion

In sum, the district court violated *Apprendi* when it enhanced Gonzalez's sentence beyond the statutory maximum based on predicate removals that were not admitted to or proved beyond a reasonable doubt to a jury. The proper remedy is remand. And the Government's inconclusive new evidence does not render the error harmless. Thus, we VACATE Gonzalez's sentence and REMAND for further proceedings consistent with this opinion.