# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 26, 2013

Lyle W. Cayce
Clerk

No. 12-51195
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL GOMEZ MELENDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:12-CR-109-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Daniel Gomez Melendez appeals the 150-month sentence and three-year term of supervised release that the district court imposed after he pleaded guilty to possession with intent to distribute a controlled substance, namely cocaine, in violation of 21 U.S.C. § 841(a)(1). He argues that the district court violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), when it sentenced him for possession with intent to distribute even though the factual basis supported a conviction for only simple possession of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cocaine.   Melendez also contends that six "special" conditions of supervised release must be deleted from the written judgment because they were not part of the sentence pronounced orally in court.

As Melendez did not object on *Apprendi* grounds in the district court, we review his claim for plain error only.  *See United States v. Rojas-Luna*, 522 F.3d 502, 504 (5th Cir. 2008).  The district court did not violate *Apprendi* because Melendez's 150-month sentence did not exceed the 20-year statutory maximum for the offense for which he was convicted.  *See Apprendi*, 530 U.S. at 490; § 841(a)(1), (b)(1)(C).

We review Melendez's challenge to the conditions of supervised release contained in the written judgment for abuse of discretion.  *See United States v. Mudd*, 685 F.3d 473, 480 (5th Cir. 2012).  The conditions of supervised release of which Melendez complains are not "special" conditions but are identical to those listed in the "mandatory" and "standard" sections of the Western District of Texas's general order of July 18, 2011, adopting conditions of probation and supervised release.  Conditions that are regularly applied throughout a district are considered "standard," and "explicit reference to each and every standard condition of supervision is not essential to the defendant's right to be present at sentencing."  *United States v. Vega*, 332 F.3d 849, 852-53 n.8 (5th Cir. 2003) (internal quotation marks and citation omitted).  Accordingly, these conditions need not be orally pronounced, and the district court "may instead rely on the judgment to clarify that these standard conditions are indeed applicable to the case at hand."  *United States v. Torres-Aguilar*, 352 F.3d 934, 936 (5th Cir. 2003).

The judgment of the district court is AFFIRMED.