# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-51002
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 3, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALFREDO GONZALEZ-TERRAZAS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:18-CR-2141-1

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Alfredo Gonzalez-Terrazas appeals the 30-month guidelines sentence and three-year term of supervised release imposed following his guilty plea conviction for illegal reentry. He argues that the enhancement of his sentence pursuant to 8 U.S.C. § 1326(b)(1), which increased the maximum term of imprisonment to ten years of imprisonment, is unconstitutional because of the treatment of the provision as a sentencing factor rather than as an element of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-51002

a separate offense that must be proved to a jury beyond a reasonable doubt. He concedes that the issue whether a sentencing enhancement under § 1326(b) must be alleged in the indictment and proved to a jury is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). However, he seeks to preserve the issue for possible Supreme Court review because, he argues, subsequent Supreme Court decisions indicate that the Court may reconsider this issue.

In *Almendarez-Torres*, 523 U.S. at 239-47, the Supreme Court held that for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in an indictment or found by a jury beyond a reasonable doubt. This court has held that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014) (considering the effect of *Alleyne v. United States*, 570 U.S. 99 (2013)); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007) (considering the effect of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). Thus, Gonzalez-Terrazas's argument is foreclosed.

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED AS MOOT, and the judgment of the district court is AFFIRMED.