IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 14, 2008

Charles R. Fulbruge III
Clerk

No. 06-51609

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALDEGUNDO GARCIA-HERRERA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:06-CR-668

Before JOLLY, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Aldegundo Garcia-Herrera (Garcia) appeals the sentence he received for violating 8 U.S.C. § 1326(a) by illegally reentering the United States after previously being removed. Garcia argues that his term of supervised release exceeds the maximum term authorized by the illegal reentry statute because he is not subject to the enhanced penalty authorized by 8 U.S.C. § 1326(b)(2). We agree and therefore VACATE Garcia's sentence and REMAND for resentencing not inconsistent with this opinion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

In 2006 Garcia was apprehended by United States Border Patrol agents near Uvalde, Texas. Because he had previously been removed from the United States and had not obtained permission to reenter, Garcia was indicted for illegally reentering the United States in violation of 8 U.S.C. § 1326(a) and (b)(1)/(2).[1] Garcia pled guilty to violation of 8 U.S.C. § 1326(a).

The United States Probation Office prepared Garcia's Presentence Investigation Report (PSR). As indicated by the PSR, Garcia was assigned a base offense level of eight for his illegal reentry, see U.S.S.G. § 2L1.2(a), received a two-level reduction for acceptance of responsibility, see U.S.S.G. § 3E1.1(a), and his resulting offense level was thus six. Combined with his criminal history score, the recommended Guidelines sentencing range was two to eight months of imprisonment.

The probation officer who prepared the PSR, however, noted that an upward adjustment from the recommended Guidelines sentencing range might be warranted. The probation officer also determined that Garcia is subject to the enhanced penalties authorized by 8 U.S.C. § 1326(b)(2). Section 1326(b)(2) enhances the penalties authorized by § 1326(a) for aliens "whose removal was subsequent to a conviction for commission of an aggravated felony . . . ." The statutory maximum term of imprisonment authorized by § 1326(b)(2) is twenty years, which renders the maximum term of supervised release not more than three years. See 18 U.S.C. §§ 3559(a)(3) (classifying an offense punishable by a term of imprisonment of ten or more years but less than twenty-five years as a Class C felony), 3583(b)(2) (authorizing a term of supervised release of not more than three years for a Class C felony).

---

[1] The indictment charged Garcia with "violation of Title 8, United States Code, Section 1326(a) and (b)(1)/(2)." At sentencing, the district court indicated it was sentencing Garcia pursuant to § 1326(a) and (b)(2).

Garcia objected to the probation officer's recommendation regarding the statutory maximum punishment for his offense. He argued that he is not subject to the enhanced penalty authorized by § 1326(b)(2) because, while he was removed in 2000 and 2002, he was not removed "subsequent to" his 2004 state-law felony conviction as required by § 1326(b)(2). Garcia thus argued that he is subject to the statutory maximum punishment provided by § 1326(a). The statutory maximum term of imprisonment authorized by § 1326(a) is two years, which renders the maximum term of supervised release not more than one year, see 8 U.S.C. §§ 3559(a)(5) (classifying an offense punishable by a term of imprisonment of more than one year but less than five years as a Class E felony), 3583(b)(3) (authorizing a term of supervised release of not more than one year for a Class E felony).

At sentencing, the district court overruled Garcia's objection and adopted the probation officer's recommendation regarding the statutory maximum punishment. Specifically, the district court determined that "under [§ 1326(b)(2)] as long as you have the conditions of the deportation and the re-entry, that those are the operative—that's the operative situation, and there has been a conviction. I guess I'm finding that the statute doesn't require a particular order of things." The district court also determined that the advisory Guidelines range was inadequate, upwardly departed from the advisory Guidelines range, and sentenced Garcia to twelve months of imprisonment, three years of supervised release, and a $100 special assessment. Garcia now appeals.

II.

Garcia argues that his three-year term of supervised release exceeds the maximum term authorized by the illegal reentry statute because he is not subject to the enhanced penalty authorized by 8 U.S.C. § 1326(b)(2). As before the district court, Garcia argues that he is not subject to the enhanced penalty

authorized by § 1326(b)(2) because he was not removed "subsequent to" his state-law felony conviction as required by § 1326(b)(2).

The plain language of § 1326(b)(2) references "removal . . . subsequent to a conviction for commission of an aggravated felony."[2] (emphasis added). Moreover, we have held, subsequent to the parties' briefing of this case, that, "under the plain terms of the statute," a removal occurring prior to an aggravated felony conviction cannot "form the basis of the enhancement in § 1326(b)(2), because it was not 'subsequent to' [the] conviction." United States v. Rojas-Luna, 522 F.3d 502, 504 (5th Cir. 2008).

Here, Garcia was not removed subsequent to his 2004 state-law felony conviction, and the district court thus erred by enhancing Garcia's sentence pursuant to 8 U.S.C. § 1326(b)(2).

### III.

For the foregoing reasons, we VACATE Garcia's sentence and REMAND for resentencing not inconsistent with this opinion.

VACATED and REMANDED.

---

[2] Whether Garcia's prior state-law felony conviction is in fact an aggravated felony under § 1326(b)(2) is not at issue here. Garcia asserts, without properly raising the issue for our review, that his prior state-law felony conviction is not in fact an aggravated felony under § 1326(b)(2).