# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-41161
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JORGE GARCIA-VAZQUEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-978

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jorge Garcia-Vazquez (Garcia) appeals his guilty plea conviction and 77-month sentence for illegal reentry after removal. Garcia admitted at rearraignment that he was apprehended in Laredo, Texas, in 2007 after having been removed from the United States in 1997. Garcia argues that the district court committed plain error by applying the "aggravated felony" enhancement under 8 U.S.C. § 1326(b)(2) based on the finding that he had committed an aggravated felony in 2000 and had been removed in 2001. Garcia argues that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the fact of his 2001 removal was not alleged in his indictment, proven beyond a reasonable doubt at trial, or admitted by him during the proceedings.

Because Garcia did not object on this ground before the district court, plain error review applies to this issue. See United States v. Gourley, 168 F.3d 165, 171 n.10 (5th Cir. 1999). As the Government acknowledges, the district court plainly erred in finding that Garcia was removed in 2001 for purposes of increasing his sentence pursuant to § 1326(b)(2) beyond the two-year statutory maximum under § 1326(a) that otherwise would have been applicable. See United States v. Rojas-Luna, 522 F.3d 502, 504-06 (5th Cir. 2008). However, contrary to the Government's argument, this error did seriously affect the fairness and integrity of the proceedings. See id. at 507. In the exercise of our discretion, relief is warranted. See id. Accordingly, Garcia's sentence is vacated and the case is remanded for resentencing consistent with Rojas-Luna.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.