# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 26, 2010

No. 08-10710
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO ALBERTO PENA-SANDOVAL,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:07-CR-28-ALL

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Mario Alberto Pena-Sandoval pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326 and was sentenced to 57 months of imprisonment. Pena-Sandoval argues for the first time on appeal that our opinion in *United States v. Rojas-Luna*, 522 F.3d 502, 504-06 (5th Cir. 2008), compels us to vacate his sentence. In *Rojas-Luna*, we held that the district court's use of the fact of the date of Rojas-Luna's 2006 removal to increase his sentence beyond the statutory maximum sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

allowed under § 1326(a) was reversible plain error because the fact of his 2006 removal had not been admitted by Rojas-Luna or proven to a jury beyond a reasonable doubt. *Rojas-Luna*, 522 F.3d at 506-07. We determined that the only evidence in the record to show when the defendant was removed was an unsupported statement in the presentence report (PSR) and that there was no evidence in the record that the defendant had agreed to the accuracy of this fact in the PSR. *Id.* at 507.

The facts in Pena-Sandoval's case are distinguishable. Pena-Sandoval pleaded guilty to the indictment that specifically alleged that he was deported in March 2004. The removal occurred after Pena-Sandoval's 1995 guilty plea to possession with intent to distribute and distribution in excess of five kilograms of cocaine. The district court properly relied on the 2004 removal to enhance Pena-Sandoval's sentence. The district court did not plainly err. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

AFFIRMED.