# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 5, 2010

Lyle W. Cayce
Clerk

No. 09-41210
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERNESTO RUBEN CAVAZOS-RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-709-1

Before KING, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ernesto Ruben Cavazos-Rodriguez appeals his guilty plea conviction and 65-month sentence for illegal reentry after removal.  Cavazos-Rodriguez argues that the district court committed error, plain or otherwise, by applying the "aggravated felony" enhancement under 8 U.S.C. § 1326(b)(2) based on the finding that he had committed an aggravated felony in 2003 and had been removed in 2004.  Cavazos-Rodriguez argues that the fact of his 2004 removal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was not alleged in his indictment, proven beyond a reasonable doubt at trial, or admitted by him.

Because the indictment alleged only reentry after deportation without any specification of the date of deportation, much less any reference to a prior conviction, and because the Government failed to prove a deportation date at rearraignment, we conclude that the district court plainly erred in finding that Cavazos-Rodriguez was removed in 2004 for purposes of increasing his sentence beyond the two-year statutory maximum set forth in § 1326(a). *See United States v. Rojas-Luna*, 522 F.3d 502, 506 (5th Cir. 2008) ("*Almendarez-Torres* is limited to prior convictions and . . . any other fact used to increase a sentence beyond a statutory maximum must be proven to a jury."); *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). This error seriously affected the fairness and integrity of the proceedings. *Rojas-Luna*, 522 F.3d at 506. In the exercise of our discretion, relief is warranted. *See id.* We vacate Cavazos-Rodriguez's sentence and remand for resentencing consistent with *Rojas-Luna*.

Because Cavazos-Rodriguez is not subject to the sentencing enhancement under § 1326(b)(2), we need not address Cavazos-Rodriguez's argument that the district court reversibly erred by treating his 2003 Texas assault conviction as an "aggravated felony" warranting an eight-level adjustment under U.S.S.G. § 2L1.2(b)(1)(C). *Id.* at 507 n.3.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.