**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**FILED**

January 23, 2020

No. 19-10804
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ANGEL VASQUEZ-SOTO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-46-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Appealing the judgment in a criminal case, Jose Angel Vasquez-Soto argues that the district court erred at rearraignment by failing to advise him that his prior felony conviction was an essential element of his illegal reentry offense under 8 U.S.C. § 1326(b)(1) and that the court erred by sentencing him under the enhanced statutory maximum sentence pursuant to that provision. As Vasquez-Soto concedes, his arguments are foreclosed by *Almendarez-Torres*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10804

*v. United States*, 523 U.S. 224 (1998). In *Almendarez-Torres*, the Court held that for purposes of a statutory sentencing enhancement, the fact of a prior conviction need not be alleged in the indictment or found by a jury beyond a reasonable doubt. *Almendarez-Torres*, 523 U.S. at 239–47. *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule this holding. *See United States v. Rojas-Luna*, 522 F.3d 502, 505–06 (5th Cir. 2008). The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED as moot.