# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
January 23, 2020

Lyle W. Cayce
Clerk

No. 19-50528
Summary Calendar

Consolidated with 19-50530

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ARMANDO NUNEZ-LOPEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:18-CR-862-1
USDC No. 4:11-CR-376-6

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Armando Nunez-Lopez filed notices of appeal from the order revoking his supervised release and from a new judgment of conviction entered after his guilty plea to illegal reentry. He argues that the enhancement of his sentence pursuant to 8 U.S.C. § 1326(b)(2), which increased the statutory

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50528

maximum term of imprisonment to 20 years for his illegal reentry offense, is unconstitutional because of the treatment of the provision as a sentencing factor rather than as an element of the offense that must be alleged in the indictment and proved to a jury beyond a reasonable doubt.  Nunez-Lopez concedes that this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  However, he seeks to preserve the argument for possible Supreme Court review because, he argues, subsequent decisions indicate that the Supreme Court may reconsider its holding in *Almendarez-Torres*.

In that opinion, the Supreme Court held that for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in an indictment or found by a jury beyond a reasonable doubt.  *Id.* at 239–47. This court has held that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*.  *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014) (considering the effect of *Alleyne v. United States*, 570 U.S. 99 (2013)); *United States v. Rojas-Luna*, 522 F.3d 502, 505–06 (5th Cir. 2008) (considering the effect of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).  Thus, Nunez-Lopez's argument is foreclosed.

The Government's motion for summary affirmance is GRANTED. The Government's alternative motion for an extension of time to file a brief is DENIED, and the judgments of the district court are AFFIRMED.