# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50769
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2020

Lyle W. Cayce
Clerk

Consolidated with 19-50771

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REYNALDO ESPARZA-LOPEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:17-CR-653-1
USDC No. 2:19-CR-339-1

Before DAVIS, SMITH and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Reynaldo Esparza-Lopez appeals from a judgment revoking his previously-imposed supervised release and from a judgment of conviction on his guilty plea to illegal reentry into the United States in violation of 8 U.S.C. § 1326. He argues that the enhancement of his sentence based on his prior conviction pursuant to § 1326(b)(1), which increased the statutory maximum

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50769
c/w No. 19-50771

term of imprisonment to 10 years for his illegal reentry offense, is unconstitutional because his prior conviction is treated as a sentencing factor rather than an element of the offense that must be alleged in the indictment and found by a jury beyond a reasonable doubt. As he concedes, the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). However, he seeks to preserve the issue for possible Supreme Court review because, he argues, subsequent decisions indicate that the Supreme Court may reconsider its holding in *Almendarez-Torres*.

In *Almendarez-Torres*, 523 U.S. at 239-47, the Supreme Court held that for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in an indictment or found by a jury beyond a reasonable doubt. This court has held that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014) (considering the effect of *Alleyne v. United States*, 570 U.S. 99 (2013)); *United States v. Rojas-Luna*, 522 F.3d 502, 505-06 (5th Cir. 2008) (considering the effect of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). Thus, Esparza-Lopez's argument is foreclosed.

Accordingly, the Government's motion for summary affirmance is GRANTED, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgments of the district court are AFFIRMED.