# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

No. 19-50623
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 2, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO RODOLFO CHAIREZ-MEDINA,

Defendant-Appellant

Consolidated with 19-50624

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO RODOLFO CHAIREZ-MEDINA, also known as Mario Rodolfo Chairez-Medina, also known as Rodolfo Chairez-Medina, also known as Juan Carlos Garcia, also known as Juan Carlos Martinez-Garcia, also known as Rodolfo Mario Chairez-Medina, also known as Mario Rodolfo Medina-Chairez, also known as Rodolfo Mario Medina-Chairez, also known as Mario Rodolfo Medina, also known as Mario Rodolfo Chairez,

Defendant-Appellant

————————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:07-CR-225-1
USDC No. 4:18-CR-795-1

————————

No. 19-50623
c/w No. 19-50624

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Mario Rodolfo Chairez-Medina appeals from a judgment revoking his previously-imposed supervised release and a judgment of conviction on his guilty plea to illegal reentry, in violation of 8 U.S.C. § 1326. He argues that the enhancement of his sentence based on his prior conviction pursuant to § 1326(b)(2), which increased the statutory maximum term of imprisonment to 20 years for his illegal reentry offense, is unconstitutional because his prior conviction is treated as a sentencing factor rather than an element of the offense that must be alleged in the indictment and found by a jury beyond a reasonable doubt. He concedes that the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issue for possible Supreme Court review because, he argues, subsequent decisions indicate that the Supreme Court may reconsider its holding in *Almendarez-Torres*. The Government moves for summary affirmance, urging that Chairez's argument is foreclosed.

The parties are correct that Chairez's argument is foreclosed by *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Rojas-Luna*, 522 F.3d 502, 505-06 (5th Cir. 2008). Accordingly, the Government's motion for summary affirmance is GRANTED, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's alternative motion for an extension of time to file a brief is DENIED AS MOOT, and the judgments of the district court are AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.