# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 19-50833
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ARNULFO PULIDO-MENDEZ,

Defendant-Appellant

_____

Consolidated with No. 19-50834

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ARNULFO PULIDO-MENDEZ, also known as Jose Arnulfo P M, also known as Jose Arnulfo Pulido, also known as Jose Pulido-Mendez, also known as Jose Mendez-Pulido, also known as Jose Arnulfo Mendez-Pulido,

Defendant-Appellant

————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:18-CR-242-1
USDC No. 4:19-CR-221-1

————

No. 19-50833
c/w No. 19-50834

Before WIENER, COSTA, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Jose Arnulfo Pulido-Mendez appeals from a judgment revoking his previously-imposed supervised release and a judgment of conviction on his guilty plea to illegal reentry, in violation of 8 U.S.C. § 1326. He argues that the enhancement of his sentence based on his prior conviction pursuant to § 1326(b)(1), which increased the statutory maximum term of imprisonment to 10 years and the statutory maximum term of supervised release to three years for his new illegal reentry offense, is unconstitutional because his prior conviction is treated as a sentencing factor rather than an element of the offense that must be alleged in the indictment and found by a jury beyond a reasonable doubt. He concedes that the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issue for further review. The Government moves for summary affirmance, urging that Pulido-Mendez's argument is foreclosed.

The parties are correct that Pulido-Mendez's argument is foreclosed by *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Rojas-Luna*, 522 F.3d 502, 505-06 (5th Cir. 2008). Accordingly, the Government's motion for summary affirmance is GRANTED, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgments of the district court are AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.