# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2020

Lyle W. Cayce
Clerk

No. 20-50275
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARGARITO RODRIGUEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:19-CR-1174-1

Before SOUTHWICK, DUNCAN, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Margarito Rodriguez appeals his above-guidelines sentence of 30 months of imprisonment and three years of supervised release following his guilty plea conviction for illegal reentry into the United States. Rodriguez asserts that the enhancement of his sentence pursuant to 8 U.S.C.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50275

§ 1326(b)(2), which increased the maximum term of imprisonment to 20 years and the maximum term of supervised release to three years, is unconstitutional because the fact of a prior conviction is treated as a sentencing factor rather than as an element of the offense that must be alleged in the indictment and proved to a jury beyond a reasonable doubt.

As Rodriguez concedes, this issue is foreclosed by the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224, 239-47 (1998). *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Rojas-Luna*, 522 F.3d 502, 505-06 (5th Cir. 2008). Thus, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.