# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 23, 2020

Lyle W. Cayce
Clerk

No. 20-50212
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SAMUEL ZUBIA-OLIVAS,

*Defendant—Appellant*,

CONSOLIDATED WITH

No. 20-50228

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SAMUEL ZUBIA-OLIVAS, *also known as* JUAN ZUBIAS-SANCHEZ,
ALSO KNOWN AS SAMUEL OLIVAS ZUBIA, *also known as* SAMUEL
OLIVAS-ZUBIA, *also known as* SAMUEL ZUBIA OLIVAS, *also known as*
SAMUEL OLIVIAS ZUBIAS,

*Defendant—Appellant*.

No. 20-50212
c/w No. 20-50228

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:16-CR-90-1
USDC No. 4:19-CR-747-1

Before Haynes, Willett, and Ho, *Circuit Judges.*

Per Curiam:*

Samuel Zubia-Olivas appeals his Guidelines sentence of 96 months of imprisonment and 3 years of supervised release following his guilty plea conviction for illegal reentry. He argues that the enhancement of his sentence under 8 U.S.C. § 1326(b)(1), which increases the maximum term of imprisonment to ten years, is unconstitutional because the statute treats a prior conviction as a sentencing factor, rather than as an element of a separate offense that must be listed in the indictment and proved to a jury beyond a reasonable doubt. He concedes that this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). However, he seeks to preserve the issue for possible Supreme Court review because, he argues, subsequent decisions indicate that the Supreme Court may reconsider its holding in *Almendarez-Torres*.

In *Almendarez-Torres*, 523 U.S. at 239–47, the Supreme Court held that for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in an indictment or found by a jury beyond a reasonable doubt. This Court has held that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014) (concluding that *Alleyne v. United States*, 570 U.S. 99 (2013) did not disturb *Almendarez-Torres*); *United States v. Rojas-*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

*Luna*, 522 F.3d 502, 505 (5th Cir. 2008) (concluding *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not affect the treatment of prior convictions under *Almendarez-Torres*). Thus, Zubia-Olivas's argument is foreclosed.

Accordingly, the judgment of the district court is AFFIRMED, the Government's motion for summary affirmance is GRANTED, and the Government's alternative motion for an extension of time to file a brief is DENIED AS MOOT.