# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 19, 2021

Lyle W. Cayce
Clerk

No. 20-50720
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MIGUEL ANGEL BERDEJA-MEDINA,

*Defendant—Appellant*,

CONSOLIDATED WITH

No. 20-50726

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANGEL VERDEJA-MEDINA,

*Defendant—Appellant*.

No. 20-50720
c/w No. 50726

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:18-CR-666-1
USDC No. 4:20-CR-36-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:*

Miguel Angel Berdeja-Medina appeals his sentence of 78 months in prison, which the district court imposed following his guilty plea conviction for illegal reentry in violation of 8 U.S.C. § 1326. He also appeals from the judgment revoking his supervised release, which had been imposed after a prior illegal reentry conviction. Berdeja-Medina contends that the recidivism enhancement under § 1326(b)(1), which was applied in his case, is unconstitutional because it allows a sentence above the otherwise applicable statutory maximum of two years of imprisonment, *see* § 1326(a), based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. He concedes the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issue for further review. The Government has filed an unopposed motion for summary affirmance, asserting that Berdeja-Medina's argument is foreclosed.

The parties are correct that Berdeja-Medina's assertion is foreclosed by *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50720
c/w No. 50726

Cir. 2014); *United States v. Rojas-Luna*, 522 F.3d 502, 505-06 (5th Cir. 2008). Further, Berdeja-Medina has abandoned any challenge to the revocation of his supervised release by failing to brief an argument as to the revocation. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Accordingly, the motion for summary affirmance is GRANTED, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for an extension of time to file a brief is DENIED, and the judgments of the district court are AFFIRMED.