# United States Court of Appeals
# for the Fifth Circuit

———

No. 20-50723
Summary Calendar

———

United States Court of Appeals
Fifth Circuit

**FILED**
February 25, 2021

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE LAZARO VENANCIO MENDOZA-BATRES,

*Defendant—Appellant*,

CONSOLIDATED WITH

———

No. 20-50728

———

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE MENDOZA-BATRES,

*Defendant—Appellant*.

No. 20-50723
c/w No. 20-50728

---

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-261-1
USDC No. 4:20-CR-209-1

---

Before DAVIS, STEWART, and DENNIS, *Circuit Judges.*

PER CURIAM:*

Jose Lazaro Venancio Mendoza-Batres appeals his sentence of 27 months in prison and three years of supervised release, which the district court imposed following his guilty plea conviction for illegal reentry in violation of 8 U.S.C. § 1326. He also appeals from the judgment revoking his supervised release, which had been imposed after a prior illegal reentry conviction, and imposing a sentence of 21 months in prison to run consecutively to the sentence for his new illegal reentry conviction. Mendoza-Batres contends that the recidivism enhancement under § 1326(b)(1), which was applied in his case, is unconstitutional because it increases the statutory maximum sentence based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. He concedes the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issue for further review. The Government has filed an unopposed motion for summary affirmance, asserting that Mendoza-Batres's argument is foreclosed.

The parties are correct that Mendoza-Batres's assertion is foreclosed by *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Rojas-Luna*, 522 F.3d 502, 505-06 (5th Cir. 2008). Further, Mendoza-Batres has abandoned any challenge to the revocation of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50723
c/w No. 20-50728

his supervised release by failing to brief an argument as to the revocation. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Accordingly, the motion for summary affirmance is GRANTED, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for an extension of time to file a brief is DENIED, and the judgments of the district court are AFFIRMED.