# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 12, 2021

Lyle W. Cayce
Clerk

No. 21-50086
consolidated with
No. 21-50111
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Luis Ramos-Ramos,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-432-1
USDC No. 4:17-CR-354-1

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Jose Luis Ramos-Ramos appeals the within-guidelines sentence of 24 months of imprisonment and three years of supervised release, which the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50086
c/w No. 21-50111

district court imposed following his guilty plea conviction for illegal reentry in violation of 8 U.S.C. § 1326.  He also appeals the revocation of his supervised release related to his 2018 drug trafficking conviction and his consecutive 10-month revocation sentence.  Ramos-Ramos contends that the recidivism enhancement under § 1326(b), which was applied in his case, is unconstitutional because it increases the statutory maximum sentence based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt.  He concedes the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but seeks to preserve the issue for further review.  The Government has filed an unopposed motion for summary affirmance, asserting that Ramos-Ramos's argument is foreclosed.

The parties are correct that Ramos-Ramos's argument is foreclosed by *Almendarez-Torres*.  *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Rojas-Luna*, 522 F.3d 502, 505-06 (5th Cir. 2008).  Further, by failing to address the supervised release revocation in his brief, Ramos-Ramos has abandoned any challenge to the revocation or revocation sentence.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Accordingly, the Government's motion for summary affirmance is GRANTED, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), its alternative motion for an extension of time to file a brief is DENIED, and the judgments of the district court are AFFIRMED.