# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 31, 2021

Lyle W. Cayce
Clerk

No. 20-51045
CONSOLIDATED WITH
No. 20-51047
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ERVIN ANIBAR LOPEZ-ORDONEZ,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-253-1
USDC No. 4:20-CR-319-1

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-51045
c/w No. 20-51047

Ervin Anibar Lopez-Ordonez appeals his sentence of 21 months of imprisonment and three years of supervised release, which the district court imposed following his guilty plea conviction for illegal entry after removal under 8 U.S.C. § 1326.  He also appeals from the judgment revoking his supervised release.  Lopez-Ordonez argues that the enhancement of his new sentence under § 1326(b)(1) was based on his prior conviction and increased the statutory maximum terms of imprisonment and supervised release.  He maintains that the enhancement is unconstitutional because his prior conviction is treated as a sentencing factor rather than an element of the offense that must be alleged in the indictment and found by a jury beyond a reasonable doubt.  He concedes that the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issue for further review.  The Government moves for summary affirmance in each of these consolidated appeals, asserting that Lopez-Ordonez's argument is foreclosed.

The parties are correct that Lopez-Ordonez's assertion is foreclosed by *Almendarez-Torres*.  *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Rojas-Luna*, 522 F.3d 502, 505-06 (5th Cir. 2008).  Further, Lopez-Ordonez has abandoned any challenge to the revocation of his supervised release by failing to brief an argument as to the revocation.  *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010).  Accordingly, the Government's motions for summary affirmance are GRANTED, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), its alternative motions for an extension of time to file a brief are DENIED, and the judgments of the district court are AFFIRMED.