# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 17, 2021

Lyle W. Cayce
Clerk

No. 21-50203
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CESAR HIDROGO,

*Defendant—Appellant*,

CONSOLIDATED WITH

No. 21-50209

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CESAR HIDROGO-MARIN,

*Defendant—Appellant*.

No. 21-50203
c/w & No. 21-50209

---

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-489-1
USDC No. 4:20-CR-474-1

---

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges.*

PER CURIAM:*

Cesar Hidrogo pleaded guilty of illegal entry after deportation in case number 4:20-CR-474-1, and he was sentenced to a 30-month term of imprisonment and to a three-year period of supervised release. Hidrogo's supervised release in case number 4:20-CR-489-1 was revoked, and he was sentenced to a 12-month term of imprisonment, to be served consecutively to the term of imprisonment in 4:20-CR-474-1. Timely notices of appeal were filed in both cases, and the appeals have been consolidated.

Hidrogo asserts that the enhancement of his sentence based on his prior conviction pursuant to 8 U.S.C. § 1326(b)(2) is unconstitutional because it was based on facts neither alleged in the indictment nor found by a jury beyond a reasonable doubt. He concedes that the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issue for further review. The Government moves for summary affirmance, asserting that Hidrogo's argument is foreclosed.

The parties are correct that Hidrogo's assertion is foreclosed by *Almendarez-Torres.* *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Rojas-Luna*, 522 F.3d 502, 505-06 (5th Cir. 2008).

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50203
c/w & No. 21-50209

Thus, summary affirmance is proper. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Hidrogo raises no issue with respect to the revocation of his supervised release. Consequently, he has abandoned any challenge to the revocation or revocation sentence. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED as moot, and the judgments of the district court are AFFIRMED.