# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 8, 2021

Lyle W. Cayce
Clerk

No. 21-50298
CONSOLIDATED WITH
No. 21-50300
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EDGAR CUEVAS-RAULDALEZ,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-472-1
USDC No. 4:20-CR-487-1

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50298
c/w No. 21-50300

Appealing the judgments in two criminal cases, Edgar Cuevas-Rauldalez challenges his sentence of 24 months of imprisonment and three years of supervised release for illegal reentry. As the sole issue on appeal, he argues that the enhancement of his sentence pursuant to 8 U.S.C. § 1326(b)(1) is unconstitutional because the enhancement is based on facts neither alleged in his indictment nor proved to a jury beyond a reasonable doubt. The Government has filed an unopposed motion for summary affirmance arguing that the issue is foreclosed and, in the alternative, a motion for an extension of time to file a brief.

As the Government argues, and Cuevas-Rauldalez concedes, this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 239-47 (1998). *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Rojas-Luna*, 522 F.3d 502, 505-06 (5th Cir. 2008). Thus, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Although the appeals of Cuevas-Rauldalez's illegal reentry conviction and supervised release revocation were consolidated, he does not address the revocation in his appellate brief. He has, therefore, abandoned any challenge to the revocation or revocation sentence. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgments of the district court are AFFIRMED.