# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

No. 19-50772
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

February 21, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOEL ARREDONDO-MORENO,

Defendant-Appellant

————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:18-CR-2621-1

————————

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Joel Arredondo-Moreno appeals the sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation 8 U.S.C. § 1326. He argues that the enhancement of his sentence pursuant to § 1326(b)(2), which increased his statutory maximum sentence to 20 years of imprisonment and three years of supervised release, is unconstitutional because of the treatment of the provision as a sentencing factor rather than as

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

an element of a separate offense that must be proved to a jury beyond a reasonable doubt.  He concedes that this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  However, he seeks to preserve the issue for possible Supreme Court review because, he argues, subsequent decisions indicate that the Supreme Court may reconsider its holding in *Almendarez-Torres*.

In *Almendarez-Torres*, 523 U.S. at 239-47, the Supreme Court held that for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in an indictment or found by a jury beyond a reasonable doubt.  This court has held that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*.  *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014) (considering the effect of *Alleyne v. United States*, 570 U.S. 99 (2013)); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007) (considering the effect of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).  Thus, Arredondo-Moreno's argument is foreclosed.

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.