# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 10, 2021

Lyle W. Cayce
Clerk

No. 21-50394
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Garza-De La Cruz,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CR-15-1

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:

Jose Garza-De La Cruz pleaded guilty to illegal reentry. The basic reentry crime carries a punishment of up to two years. 8 U.S.C. § 1326(a)(2). But if the defendant was convicted of a felony before being deported, that maximum becomes ten years. *Id*. § 1326(b)(1). At sentencing, the court used the ten-year maximum because of a prior conviction and sentenced Garza-De La Cruz to 50 months in prison. Garza-De La Cruz argues that the enhancement of his sentence based on the prior felony is unconstitutional

No. 21-50394

because it is based on facts neither alleged in his indictment nor proved to a jury beyond a reasonable doubt.

Garza-De La Cruz concedes, however, that this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 239-47 (1998). *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Rojas-Luna*, 522 F.3d 502, 505-06 (5th Cir. 2008). Because of that binding Supreme Court precedent, the government seeks summary affirmance. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.

No. 21-50394

Gregg Costa and James C. Ho, *Circuit Judges*, joined by King, *Circuit Judge*, concurring:

Our court has issued countless orders in cases like this one. A criminal defendant argues that his sentence is inconsistent with the original understanding of the Fifth and Sixth Amendments of the Constitution, because it includes a sentencing enhancement predicated on evidence not presented to a jury, let alone proven beyond a reasonable doubt.

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. *See also id.* at 498 (Scalia, J., concurring); *id.* at 499 (Thomas, J., concurring). But there is a significant exception to this requirement. Under *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the government need not submit to a jury a sentencing enhancement that turns on the fact of a defendant's prior criminal conviction.

As a result, we routinely issue orders, such as this one we issue today, summarily denying a claim on the ground that it is foreclosed by *Almendarez-Torres*. As is true here, the defendant usually recognizes that he cannot obtain any relief from our court but notes he is raising the claim in order to preserve it for consideration by the one court that can overrule *Almendarez-Torres*.

On occasion, a panel of our court will admonish "appellants and their counsel not to damage their credibility with this court" by bringing such claims, notwithstanding *Almendarez-Torres*, in order to preserve them for future Supreme Court consideration. *See, e.g., United States v. Pineda-Arrellano*, 492 F.3d 624, 626 (5th Cir. 2007); *but see id.* at 626 (Dennis, J., concurring in affirming the conviction and sentence only); *see also United*

3

*States v. Contreras-Rojas*, _ F.4th _, _, 2021 WL 5027456, at *1 (5th Cir. 2021) ("We meant it then and mean it now.").

We write separately today to make clear that we do not join in these admonitions.  To the contrary, we recognize that members of the Supreme Court, including one who joined the majority opinion, have concluded that *Almendarez-Torres* was wrongly decided—and that the only issue is whether the Court should overturn *Almendarez-Torres*, or whether principles of *stare decisis* should trump the constitutional rights of the accused.  *Compare Rangel-Reyes v. United States*, 547 U.S. 1200, 1201–02 (2006) (Stevens, J., concurring) (agreeing that *Almendarez-Torres* was wrongly decided but refusing to reverse it on grounds of *stare decisis*), *with id.* at 1202–03 (Thomas, J., dissenting) (urging the Court to overrule *Almendarez-Torres* on the ground that it is wrong to allow "countless criminal defendants [to] be denied the full protection afforded by the Fifth and Sixth Amendments, notwithstanding the agreement of a majority of the Court that this result is unconstitutional"). *See also Gamble v. United States*, 139 S. Ct. 1960, 1984 (2019) (Thomas, J., concurring) ("When faced with a demonstrably erroneous precedent, my rule is simple:  We should not follow it.").

So it is well within reason for litigants to ask whether the Supreme Court would reconsider *Almendarez-Torres* today.  "[P]arties may . . . litigate in anticipation of" "a good faith expectation of legal change."  *Jackson Women's Health Org. v. Dobbs*, 945 F.3d 265, 277 (5th Cir. 2019) (Ho, J., concurring in the judgment), *cert. granted*, 141 S. Ct. 2619 (2021).

Perhaps the Supreme Court will one day take up the call to overturn *Almendarez-Torres*.  Perhaps not.  But preserving one's rights just in case is not just reasonable.  Failure to do so risks forfeiting the right altogether.  *See, e.g.*, *Reed v. Farley*, 512 U.S. 339, 354 (1994) ("The general rule is that the writ of *habeas corpus* will not be allowed to do service for an appeal.  Where

No. 21-50394

the petitioner—whether a state or federal prisoner—failed properly to raise his claim on direct review, the writ is available only if the petitioner establishes cause for the waiver and shows actual prejudice resulting from the alleged violation.") (cleaned up).

We see nothing wrong with litigants diligently taking whatever steps they deem necessary to preserve their legal rights.  We express no frustration with lawyers zealously defending the interests of their clients.