# United States Court of Appeals for the Fifth Circuit

---

No. 23-50291
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

October 13, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Leoncio Fernando Avila-Mendez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:21-CR-749-1

---

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Leoncio Fernando Avila-Mendez appeals his conviction and sentence for illegal reentry into the United States after removal. For the first time on appeal, Avila-Mendez contends that the recidivism enhancement in 8 U.S.C. § 1326(b) is unconstitutional because it permits a sentence above the otherwise applicable statutory maximum

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

established by § 1326(a) based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. Although Avila-Mendez acknowledges that this contention is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), he nevertheless seeks to preserve it for possible Supreme Court review and has filed an unopposed motion for summary disposition. *See United States v. Garza-De La Cruz*, 16 F.4th 1213, 1214 (5th Cir. 2021) (Costa & Ho, JJ., concurring).

We have held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Accordingly, Avila-Mendez is correct that his argument is foreclosed, and summary disposition is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

IT IS ORDERED that Avila-Mendez's motion is GRANTED, and the district court's judgment is AFFIRMED.