# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 29, 2025

Lyle W. Cayce
Clerk

No. 24-50254
consolidated with
No. 24-50266

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LUIS ANTONIO TALAMANTES-ROMERO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC Nos. 5:20-CR-159-1, 5:20-CR-81-1

Before ELROD, *Chief Judge*, and CLEMENT and HAYNES, *Circuit Judges*.
PER CURIAM:[*]

Luis Antonio Talamantes-Romero pleaded guilty to illegal reentry subsequent to removal in violation of 8 U.S.C. § 1326. The basic illegal reentry crime in § 1326(a) sets a maximum punishment of two years of imprisonment. *Id.* If a defendant's removal was subsequent to a conviction for a non-aggravated felony, § 1326(b)(1) sets a maximum punishment of ten

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

years of imprisonment. *Id.* If a defendant's removal was subsequent to a conviction for an aggravated felony, § 1326(b)(2) sets a maximum punishment of twenty years of imprisonment. *Id.* In *Almendarez-Torres v. United States*, the Supreme Court held that the enhancements in § 1326(b) are sentencing enhancements rather than elements of the offense and therefore do not need to be alleged in an indictment or found beyond a reasonable doubt by a jury. 523 U.S. 224, 239, 247 (1998).

In this case, the presentence investigation report ("PSR") recommended that the district court impose a statutory maximum penalty of twenty years of imprisonment under § 1326(b)(2). Talamantes-Romero objected to the enhanced sentence and argued the § 1326(b) enhancement violates his Fifth and Sixth Amendment rights but acknowledged that his argument was foreclosed by *Almendarez-Torres*. The district court adopted the PSR and sentenced Talamantes-Romero to twenty years in prison with three years of supervised release. The district court also revoked Talamantes-Romero's supervised release from a previous conviction and sentenced him to two years of imprisonment to run concurrently with the twenty-year sentence. Talamantes-Romero timely appealed both the sentence and the revocation.

Talamantes-Romero's sole argument on appeal is that the § 1326(b) enhancement is unconstitutional. Talamantes-Romero concedes this argument is foreclosed by *Almendarez-Torres* but wishes to preserve the issue for review by the Supreme Court. He filed an unopposed motion for summary affirmance.

Because the argument is foreclosed, *see United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019), summary disposition is appropriate, *see United States v. Garza-De La Cruz*, 16 F.4th 1213, 1213–14 (5th Cir. 2021) (per curiam); *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir.

1969). Further, because Talamantes-Romero does not challenge the revocation judgment on appeal, that challenge is abandoned and unreviewable. *See United States v. Martinez*, 131 F.4th 294, 318 (5th Cir. 2025).

Accordingly, the motion for summary affirmance is GRANTED, and the judgment and revocation order of the district court are AFFIRMED.