# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2025

Lyle W. Cayce
Clerk

No. 25-30146

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ISRAEL AGUILES BARBOSA-MORALES,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:23-CR-167-1

_____

Before HAYNES, DUNCAN, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Israel Aguiles Barbosa-Morales appeals his revocation judgment, arguing the district court unlawfully ordered him removed. Finding there was no unauthorized judicial order of removal, we AFFIRM the judgment but REMAND for correction of a clerical error in the docket.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-30146

I

In February 2024, Barbosa-Morales, a Mexican citizen, pled guilty to illegal reentry after being removed under 8 U.S.C. § 1326(a). He was sentenced to time served with one year of supervised release. His release conditions required that he "not commit another federal, state or local crime" and that "if ordered deported, [he] shall remain outside the United States." Barbosa-Morales was removed from the United States in April 2024, but that same month he was arrested in Brownsville, Texas. In June 2024, he again pled guilty to illegal reentry and was sentenced to 12 months and 1 day imprisonment, followed by two years of supervised release.

At a revocation hearing in March 2025, Barbosa-Morales admitted he had violated both release conditions. The district court therefore revoked his release and sentenced him to one year imprisonment with no supervised release. The court then stated the following:

> [U]pon release and completion of his term of imprisonment, I'm ordering the defendant to be deported by any means legal, whether it be by this order of this Court or if he has to be turned over to immigration officials for deportation proceedings. Whatever mechanism that is required, he is to be deported again.

Barbosa-Morales did not object. The court subsequently issued a written revocation judgment that did not mention deportation.

Barbosa-Morales appeals, arguing the district court erred by ordering him removed. Because there was no objection to the district court's oral statement, we review for plain error. *See United States v. Olano*, 507 U.S. 725, 732 (1993); *United States v. Rojas-Luna*, 522 F.3d 502, 504 (5th Cir. 2008).

No. 25-30146

II

Barbosa-Morales contends the district court's statement amounted to an unauthorized order of removal. Federal district courts have jurisdiction to order a deportable alien removed at sentencing "if such an order has been requested by the United States Attorney with the concurrence of the Commissioner," 8 U.S.C. § 1228(c)(1), and if certain procedures occur, *id.* § 1228(c)(2)(A)–(D). Barbosa-Morales contends that the court plainly erred by not observing these requirements and that the error "deprived [him] of critical procedural safeguards provided by the Immigration and Nationality Act." There appears to be no dispute that the procedures in 8 U.S.C. § 1228(c) did not occur.[1]

For its part, the Government argues that the court's statement was not a removal order at all and, in any event, did not affect Barbosa-Morales' substantial rights because he is plainly deportable. Alternatively, the Government proposes that we could "affirm the revocation judgment with a modification specifying that it does not include a judicial order of deportation." In his reply brief, Barbosa-Morales "does not oppose" the Government's suggestion.

We decline, especially on plain error review, to read the court's cryptic statement as a judicial removal order in contravention of the statute. We therefore find no reason to disturb the court's written judgment, which as noted says nothing about removal.

---

[1] Barbosa-Morales appears to separately argue that removal orders cannot be a condition of supervised release. *See United States v. Quaye*, 57 F.3d 447, 449 (5th Cir. 1995). The Government correctly responds, however, that Barbosa-Morales was not granted supervised release.

No. 25-30146

We note, however, that the court minutes from the revocation hearing mistakenly provide that, "[u]pon release from incarceration, it is ORDERED that the defendant be deported." Accordingly, we REMAND to the district court to correct the minutes to conform to the written judgment. *See* FED. R. CRIM. P. 36 (permitting court to "correct a clerical error in a judgment, order, or other part of the record"). In all other respects, the judgment is AFFIRMED.